IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
AUG 1 8 2014
Clerk, U S District Court
District Of Montana
Billings

TOBY C. MCADAM,

Plaintiff,

vs.

UNITED STATES FOOD AND
DRUG ADMINISTRATION;
MARGARET HAMBUR,
COMMISSIONER OF THE FDA;
CHARLES BREEN, DIRECTOR OF
SEATTLE DISTRICT OF FDA;
MARIAM R. BURBACH, ACTING
DIRECTOR OF SEATTLE DISTRICT
OF FDA; LISA ALTHAR,
COMPLIANCE OFFICE OF
SEATTLE DISTRICT OF FDA; et al,

Defendants.

CV 14-47-BLG-SPW

ORDER

Defendant United States Food and Drug Administration and individual defendants Margaret Hambur, Charles Breen, Mariam R. Burback, and Lisa Althar, appearing in their official capacities, ("Defendants") moved to dismiss Plaintiff Toby McAdam's Complaint on June 2, 2014. (Doc. 6). United States Magistrate Judge Carolyn Ostby entered Findings and Recommendations in this matter on July 31, 2014, wherein she recommended that this Court grant Defendants' Motion to Dismiss and the portion of that motion previously converted into a motion for

1

summary judgment, (*see* Doc. 11 at 17), and dismiss McAdams' claims with prejudice. (Doc. 13).

The magistrate judge only makes recommendations to the district court, and any party may file written objections to those recommendations. 28 U.S.C. § 636(b)(1)(C). When a party timely objects to any portion of the magistrate judge's Findings and Recommendations, the district court must conduct a de novo review of the portions of the Findings and Recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981). The district court is not required to review the factual and legal conclusions of the magistrate judge to which the parties do not object. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). McAdams timely objected to the Findings and Recommendations. (Doc. 14). Accordingly, this Court reviews Judge Ostby's conclusions de novo. 28 § U.S.C. 636 (b)(1)(B).

McAdams first argues that Judge Ostby is wrong in finding that he did not timely respond to Defendants' converted motion for summary judgment. (Doc. 14 at 2). Citing his "Response to Order Dated June 30," dated July 19, 2014, McAdams asserts that he responded in a "timely manner" and "mailed the response to the court." *Id.* What McAdams fails to note, however, is that he never actually filed his summary judgment response with the Clerk of Court. (See ECF Docket,

14-CV-047-BLG-SPW). In fact, the only record of its existence is as an unsigned exhibit to his "Proof of Service" document, which was not filed until July 28, 2014, (Doc. 12), and as a signed exhibit to the recent objections he filed on August 13, 2014. (Doc. 14-1). It is not sufficient to append summary judgment responses to other documents; the response must be filed. Fed. R. Civ.P. 56(c); D. Mont. L.R. 7.1(d)(B)(i). Because McAdams failed to file his summary judgment response properly or timely under the Local Rules and the Federal Rules of Civil Procedure, Judge Ostby is correct in finding that summary judgment on Count VI is appropriate. *See* Fed.R.Civ.P. 56(e)(3).

Second, McAdams asserts he properly served Defendants and points to their Answer as proof of proper service. (Doc. 14 at 2). McAdams is wrong. The Defendants' response to his Complaint does not "prove" the Defendants were properly served. McAdams intention to submit a praecipe and/or have his attorney of record effect proper service at some point in the future is similarly unpersuasive. As Judge Ostby noted, the time to properly serve Defendants in this matter has long passed.

Third, McAdams re-argues the merits of his claims in his objections. Unfortunately, as noted above, the time for McAdams to argue the merits of Count VI passed with his opportunity to respond to Defendants' summary judgment motion. With respect to Count VI, this Court agrees with Judge Ostby that

3

summary judgment is appropriate. With respect to McAdams' remaining Counts I-V, this Court agrees with the reasoning set forth in Judge Ostby's June 30, 2014, Order that dismissal is appropriate.

Finally, this Court denies McAdams' request for a forty-five day continuance to allow his "attorney of record" time to review his claim. Despite McAdams' assurances to this Court that Dana Christians of Livingston, Montana, intends to represent McAdams, Mr. Christians has, to date, failed to appear on McAdams' behalf. Over three months have passed since McAdams' Complaint was filed, more than enough time for an attorney to appear and represent McAdams. Further delay is unwarranted.

Accordingly, IT IS HEREBY ORDERED:

1. McAdams' request for a 45 day continuance is DENIED;

2. Judge Ostby's Findings and Recommendations (Doc. 13) are ADOPTED IN FULL.

3. McAdams' Complaint (Doc. 1) is DISMISSED.

4. The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 18th day of August, 2014.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge